**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SCOTT A. CHAMBERS and JOHN C. BURNETTE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MERRILL LYNCH & CO., INC., MERRILL LYNCH, PIERCE, FENNER & SMITH, and BANK OF AMERICA CORPORATION,<br><br>Defendants. | 10-CV-07109 (AJN) |

## AFFIDAVIT OF CHARLES A. McCALLUM, III

1. I have personal knowledge of the facts stated herein. I am co-counsel for the Plaintiffs in the above-referenced matter and proposed Class Counsel. This Affidavit is given in support of the Motion for Preliminary Approval of Class Settlement. Adopted and incorporated herein by reference is my Affidavit submitted on April 6, 2012 in support of Plaintiffs' Motion for Class Certification that sets forth my background and experience in complex litigation and the work performed in connection with the instant litigation.

2. I, along with other counsel for Plaintiffs, have conducted a thorough examination and evaluation of the relevant law and facts to assess the relative merits of Plaintiffs' claims and the legal defenses raised thereto, and have conducted a thorough examination and evaluation to determine whether the proposed Settlement is in the best interest of Plaintiffs and the proposed Class. During the course of this litigation, well over 100,000 documents have been inspected and reviewed (including over 95,000

documents produced by the Defendants), numerous depositions have been taken, extensive research has been conducted, and numerous interviews with third-party witnesses have been performed. In addition, experienced attorneys, experts and consultants were retained and consulted concerning the merits, claims and defenses raised by the Defendants, and aspects of the proposed settlement. Based upon the discovery, investigation, and evaluation of the facts and law relating to matters alleged in the pleadings and legal defenses asserted thereto, Plaintiffs and legal counsel for the Plaintiffs and the proposed Class have agreed to settle the action as to Defendants pursuant to the provisions set forth in the Stipulation of Settlement after considering such factors as (i) the substantial benefits to the Class under the terms of the Agreement; (ii) the attendant risks and uncertainty of litigation, especially in complex actions such as this, as well as the difficulties and delays inherent in such litigation; and (iii) the desirability of consummating the Settlement in order to provide relief to the Class.

3. In addition to the current litigation, Plaintiffs' counsel has maintained abreast of proceedings in similar cases that have been brought against Defendants arising out of or related to the same issues involved in the instant litigation. Plaintiffs' counsel is aware of the results in those related proceedings, some of which has been decided in favor of former employees of Defendant and some of which have been decided in favor of the Defendants.

4. Settlement discussions have been ongoing between Plaintiffs' counsel and Defendants for over a year. The settlement discussions have been arduous and at

arm's-length. On many occasions, each side has broken off discussions when it appeared settlement was improbable. In addition to numerous written and telephonic communications, counsel for Plaintiffs and Defendants have had in-person settlement conferences in New York, Philadelphia, Charlotte, and Pittsburgh.

5. In addition to possessing adequate information concerning the strengths and weaknesses of the litigation against Defendants, Plaintiffs' counsel also obtained confidential information during negotiation sessions, including information concerning the size and scope of the Class and damage calculations. Plaintiffs' counsel and defense counsel are highly competent litigators, all with many years of experience in litigating complex class actions. The complexity, expense, uncertainty, and likely duration of the litigation militate in favor of consummating the settlement process.

6. The Settlement provides the opportunity for approximately 1,669 former Financial Advisors of the Defendants to resolve their claims arising out of Merrill Lynch's acquisition by Bank of America which occurred almost four (4) years ago. Absent settlement in this case, it may be many more years before the claims of the Class Members are finally resolved. Though some Class Members may have currently pending or contemplated claims in arbitration, the settlement will provide them the opportunity to avoid contested, expensive and time consuming adversarial proceedings. Nonetheless, even if a Class Member should choose to pursue his/her own claim, they have been afforded the opportunity to exclude themselves from the settlement.

7. The total value of the settlement for the Class is approximately $46,000,000. The amount each individual Class Member will receive is based upon an allocation that takes into consideration certain issues that have been negotiated between Plaintiffs' counsel and the Defendants. For Plan values awarded before January 1, 2009, a Class Member will receive a cash payment of between 40% and 60% of Class Member's account value depending upon two (2) factors: (a) whether the Class Member has previously asserted a claim or demand for payment; and (b) when the Class Member terminated his or her employment with the Defendants. As to the Plan awards made in 2009, Plaintiffs' counsel agreed to reduce the level of cash consideration (to between 16%-24% of the Plan values) in comparison to awards made in earlier years. The reason for agreeing to reduce compensation for awards in 2009 was based upon competing interpretations of language contained in the Plans.

8. Accordingly, given the defenses the Defendants raised and the prospects of protected litigation, Plaintiffs' counsel believes the negotiated cash payouts to the Settlement Class are fair and reasonable.

9. Attorneys' fees were not negotiated until an agreement in principal was reached as to the benefits to be provided to Class Members. After Class benefits were negotiated, Plaintiffs' counsel agreed not to seek an award of fees or expenses in excess of 25% of the cash consideration made available to participating Class Members. The amount of the fees to be sought will not be known until it is determined how many Class Members exclude themselves from the Settlement. Accordingly, Plaintiffs'

counsel has assumed a risk that the Settlement will be favorably received by the Class. Prior to approval of Class fees and expenses, Plaintiffs' counsel will submit detailed time and expense records for the Court's review and consideration for purposes of performing a lodestar cross check.  Based upon the time and expense thus far incurred in the litigation, Plaintiffs' counsel believes that an award of 25% of the Settlement consideration provided would be justified under Second Circuit case law.  *See, McDaniel v. County of Schenectady*, 595 F.3d 411, 417 (2nd Cir. 2010); *Lobur v. Parker*, 378 Fed.Appx. 63, 64 (2nd Cir. 2010); *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2d Cir. 2000); *Guippone v. BH S&B Holdings, LLC*, 2011 U.S. Dist. LEXIS 126026, *35-36 (S.D.N.Y. 2011); and *Kurzweil v. Philip Morris Cos.*, 1999 U.S. Dist. LEXIS 18378 (S.D.N.Y. 1999).

10.   Likewise, after the benefit to the Class was agreed upon in principal, an enhancement award was also negotiated on behalf of the Class Representatives.  Class Representatives brought this action on behalf of themselves and others; have been forced to litigate in a forum away from their residence; have stayed closely in touch with Plaintiffs' counsel; participated in discovery; given depositions; have reviewed numerous documents, pleadings, and briefs; and have been involved in every phase of settlement discussions.  Moreover, the enhancement award to be requested will be paid **outside** the benefit to the Class, so it will not serve to diminish or reduce the benefits of any other Class Member.  Class Representatives estimate they have expended more than 500 hours each in connection with pursuing the claims on behalf of

the Class. Further, Plaintiff Chambers incurred over $8,000 in legal fees in attempting to obtain payment prior to bringing this action. Accordingly, in the opinion of Plaintiffs' counsel, the amount sought and negotiated for enhancement payments to the Class Representatives should be preliminarily approved.

For the foregoing reasons, Plaintiffs' counsel believes the negotiated Settlement is fair, adequate, and reasonable, and therefore, should be preliminarily approved.

The undersigned swears under penalty of perjury that the foregoing statements are true.

_____
Charles A. McCallum, III

STATE OF ALABAMA )
JEFFERSON COUNTY )

Sworn to and subscribed before me this the 15th day of August, 2012.

_____
NOTARY PUBLIC
My Commission Expires: 8/22/12