

# SHUMAKER
Shumaker, Loop & Kendrick, LLP

240 South Pineapple Avenue   P.O. Box 49948            941.366.6660
10th Floor                    Sarasota, Florida 34230-6948   941.366.3999 fax
Sarasota, Florida 34236

www.slk-law.com

MICHAEL S. TAAFFE
Board Certified Business Litigation Attorney
941.364.2720
mtaaffe@slk-law.com

August 24, 2012

**Via Email: NathanNYSDchambers@nysd.uscourts.gov**

United States District Court
Southern District of New York
500 Pearl Street, Room 615
New York, NY 10007

    Re:    Scott Chambers and John Burnette v. Merrill Lynch & Co, Inc., et al., Case No. 10-cv-07109 (AJN)

Dear Judge Nathan:

    Please be advised my firm, Shumaker, Loop & Kendrick, and I represent approximately 1,000 members of the putative class in the above-referenced matter. Pursuant to the various Plans in question, a sample of which is attached hereto as Exhibit A, we are pursuing arbitration before the Financial Industry Regulatory Authority (FINRA) on behalf of these clients as required under the Plans.

    These Plans clearly provide, "that no claim or dispute concerning rights or entitlements under or otherwise relating to the Plan may be brought or litigated as a class action." Simultaneously with this letter, I forwarded a letter with a list of our present clients who are part of this putative class to notify class counsel not to communicate directly with them. I request your Honor consider directing that all communication with my clients be through me as their counsel so as not to interfere with their contractual right to arbitrate their disputes in FINRA and so we can properly and timely respond to any notices necessary on behalf of my clients. It would be truly unfortunate if a client with a pending arbitration claim had their rights extinguished due to failure to receive or timely respond to class notice.

Very truly yours,

Michael S. Taaffe

MST:mbh
Enclosure

August 24, 2012
Page 2

cc: Andrea B. Bierstein (via email)
　　Jayne Conroy (via email)
　　Charles A. McCallum, III (via email)
　　Paul J. Hanley (via email)
　　R. Brent Irby (via email)
　　Catherine S. Ryan (via email)
　　Mary Joan Hackett (via email)
　　Kim W. Watteson (via email)

SLK_SAR: #171077v1

MERRILL LYNCH FINANCIAL ADVISOR
CAPITAL ACCUMULATION AWARD PLAN

<u>As amended through July 28, 2008</u>

e:\plans\plandocs\fccaap.doc



EXHIBIT A

MERRILL LYNCH FINANCIAL ADVISOR
CAPITAL ACCUMULATION AWARD PLAN

| | | | |
|---|---|---|---|---|
| I. | DEFINITION | | | 1 |
| | 1. | Definitions | | 1 |
| II. | ELIGIBILITY | | | 4 |
| | 2. | Eligible Employees | | 4 |
| III. | THE AWARDS; APPRECIATION | | | 4 |
| | 3. | The Awards | | 4 |
| | | (a) | Criteria for Awards | 4 |
| | | (b) | Calculation of Amounts Payable for Awards Made Prior to January 2003 | 4 |
| | | (c) | Calculation of Amounts Payable for Awards Made in January 2003 and Thereafter | 5 |
| | 4. | Shares Available Under the Plan | | 5 |
| IV. | STATUS OF THE AWARD | | | 5 |
| | 5. | No Trust or Fund Created | | 5 |
| | 6. | Non-transferability | | 5 |
| | 7. | Relationship to Other Benefits | | 5 |
| V. | PAYMENT OF THE AWARD | | | 6 |
| | 8. | In General | | 6 |
| | 9. | Termination of Employment | | 6 |
| | | (a) | Death | 6 |
| | | (b) | Retirement; Employment by Competitor | 6 |
| | | | (i) Awards for Performance Periods Prior to 1995 | 6 |
| | | | (ii) Awards for Performance Periods After 1994 | 6 |
| | | | (iii) Employment by Competitor | 7 |
| | | | (iv) Rule of 65 | 8 |
| | | (c) | Other Termination of Your Employment | 7 |
| | | | (i) Awards for Performance Periods Prior to 1995 | 7 |
| | | | (ii) Awards for Performance Periods After 1994 | 8 |
| | | | (iii) Disability, Leave of Absence of Transfer | 8 |
| | | (d) | Alternative Payments of Termination | 8 |
| | | (e) | Termination of Employment After a Change in Control | 8 |
| | | | (i) Payment Upon Change in Control | 8 |
| | | | (ii) Definition of "Change in Control" | 9 |
| | | | (iii) Agreement Concerning a Change in Control | 9 |
| | | | (iv) Amendments Subsequent to Change in Control | 10 |
| | | | (v) Cause | 10 |
| | | | (vi) "Good Reason" | 11 |
| | 10. | Payment of Forfeited Amounts | | 12 |
| | | (a) | Calculation of Payment | 12 |

e:\plans\plandocs\fccaap.doc

|  |  | (b) | Limitations on Payment of Forfeited Amounts | 12 |
|---|---|---|---|---|
|  | 11. | | Withholding | 14 |
|  | 12. | | Designation of Beneficiary | 14 |
|  |  | (a) | Designation of Beneficiary and Alternate Beneficiary | 14 |
|  |  | (b) | Change in Beneficiary | 14 |
|  |  | (c) | In the Event of Death of the Beneficiary During Payment | 14 |
| VI. | ADMINISTRATION OF THE PLAN | | | 14 |
|  | 13. | | Powers of the Committee | 14 |
| VII. | MISCELLANEOUS PROVISIONS | | | 15 |
|  | 14. | | Changes in Capitalization | 15 |
|  | 15. | | Tax Litigation | 15 |
|  | 16. | | Employment Rights | 16 |
|  | 17. | | Amendment of the Plan | 16 |
|  | 18. | | Governing Law; Section 409A | 16 |

e:\plans\plandocs\fccaap.doc

which you are participating at the time of the Change in Control, unless an equitable arrangement (embodied in an ongoing substitute or alternative plan) has been made with respect to such plan in connection with the Change in Control, or the failure by the Company to continue your participation therein on at least as favorable a basis, in terms of both the amount of benefits provided and the level of your participation relative to other participants, as existed at the time of the Change in Control; or

(E)  the failure of the Company to continue to provide you with benefits at least as favorable as those enjoyed by you under any of the Company's pension, life insurance, medical, health and accident, disability, deferred compensation or savings plans in which you were participating at the time of the Change in Control, the taking of any action by the Company which would directly or indirectly materially reduce any of such benefits or deprive you of any material fringe benefit enjoyed by you at the time of the Change in Control, or the failure by the Company to provide you with the number of paid vacation days to which you are entitled on the basis of years of service with the Company in accordance with the Company's normal vacation policy in effect at the time of the Change in Control.

(e)  **Special Rule for Key Employees.** Notwithstanding any provision of the Plan to the contrary, if any amount becomes payable hereunder with respect to the termination of employment of a Participant who is then a Key Employee, the payment of such amount shall not commence until the earlier of (i) the date that is six months after the date of such termination of employment, or (ii) the date of such Participant's death.

**10. Withholding.**

The Company shall have the right, before any payment is made or any shares are delivered or credited to any account, to deduct or withhold from any payment under the Plan any Federal, state, or local taxes, including transfer taxes, required by law to be withheld or to require you or your beneficiary or estate, as the case may be, to pay any amount, or the balance of any amount, required to be withheld. Upon the vesting of any Participant's Account Balance and prior to the payment of any Account Balance in shares of Common Stock, the Company shall satisfy any minimum Federal, state, local, social security, Medicare or any other tax withholding requirements that occur as a result the payment of such Account Balance by deducting from the number of whole shares of Common Stock otherwise payable, such number of shares having a Fair Market Value, on the Payment Date, equal to the minimum tax required to be withheld by the Company.

**11. Arbitration.**

Any claim or dispute concerning your individual rights or entitlements under or otherwise relating to this Plan shall be settled by arbitration before either the the Financial Industry Regulatory Authority ("FINRA"). Arbitration shall be conducted in accordance with FINRA's Rules of arbitration, provided however, that: (1) the arbitrator(s) shall be required to adhere to established principles of substantive law and the governing burdens of proof; and (2) the arbitrator(s) shall be prohibited from disregarding, adding to or modifying the terms of the Plan; More than one employee or former employee may consolidate their claims and join in the same arbitration proceeding only with the consent of all the parties to the proceeding. No claim or dispute concerning rights or entitlements under or otherwise relating to the Plan may be brought or litigated as a class action. The award rendered in this arbitration shall be final and binding, and judgment upon the award may be entered in any court of competent jurisdiction.

### 12. Designation of Beneficiary.

**(a) Designation of Beneficiary and Alternate Beneficiary.** You may designate, in a writing delivered to ML & Co. before your death, a beneficiary to receive payments in the event of your death. You may also designate an alternate beneficiary to receive payments if the primary beneficiary does not survive you. You may designate more than one person as your beneficiary or alternate beneficiary, in which case such persons would receive payments as joint tenants with a right of survivorship as to the amounts not yet paid from your Account. If you die without a surviving beneficiary, then your estate will be considered your beneficiary.

**(b) Change in Beneficiary.** You may change your beneficiary or alternate beneficiary (without the consent of any prior beneficiary) in a writing delivered to ML & Co. before your death. Unless you state otherwise in writing, any change in beneficiary or alternate beneficiary will automatically revoke prior designations only of your beneficiary or only of your alternate beneficiary, as the case may be, under this Plan only; designations under other Plans will remain unaffected.

**(c) In the Event of Death of the Beneficiary During Payment.** If a beneficiary who is receiving payments hereunder dies before all of the payments have been made and if there is no surviving joint tenant, the Account Balance will be paid as soon as practicable in one lump sum to such beneficiary's estate and not to any alternate beneficiary you may have designated.

### VI. ADMINISTRATION OF THE PLAN

### 13. Powers of the Committee.

13

e:\plans\plandocs\fccaap.doc