UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SCOTT A. CHAMBERS and JOHN C. BURNETTE, on behalf of themselves and all others similarly situated,<br><br>                       Plaintiffs,<br><br>vs.<br><br>MERRILL LYNCH & CO., INC., MERRILL LYNCH, PIERCE, FENNER & SMITH, and BANK OF AMERICA CORPORATION,<br><br>                       Defendants. | No. 1:10-cv-07109-AJN |

**BRIEF IN SUPPORT OF PARAGRAPH 22 OF PROPOSED ORDER
PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE**

Paul J. Hanly, Jr.
Andrea Bierstein
Hanly Conroy Bierstein Sheridan Fisher &
Hayes LLP
112 Madison Avenue
New York, New York 10016

Charles A. McCallum III
McCallum, Hoaglund, Cook & Irby, LLP
905 Montgomery Highway
Suite 201
Vestavia Hills, AL  35216

*Attorneys for Plaintiffs Scott A Chambers
and John C. Burnette*

Mary J. Hackett
Catherine S. Ryan
Kim M. Watterson
REED SMITH LLP
225 Fifth Avenue
Pittsburgh, PA 15222

*Attorneys for Defendants Merrill Lynch &
Co., Inc., Merrill Lynch, Pierce, Fenner &
Smith Incorporated and Bank of America
Corporation*

Pursuant to this Court's Order dated September 10, 2012 (Dkt. No. 90), the parties hereby submit this Brief providing authority for the language in Paragraph 22 of their Proposed Order Preliminarily Approving Settlement And Providing For Notice (Dkt. No. 86) ("Proposed Order"). Paragraph 22 accurately reflects the well-settled law governing the use of settlement agreements in other proceedings. Indeed, Paragraph 22, as written, furthers the longstanding public policy of encouraging settlement by prohibiting the settlement from being used against the parties in other proceedings and also allowing the settlement to be used to defend against future claims that have been resolved or waived by the settlement. Not surprisingly, therefore, federal courts from around the country, including this one, routinely approve settlements that include provisions like Paragraph 22. Accordingly, for the reasons set forth in this brief, the Proposed Order is proper in all respects.

To begin, the language in Paragraph 22 embodies two uncontroverted principles of law: (1) that the existence of a settlement or the contents of settlement negotiations should not be used "offensively" by third parties in other litigation to wrongly suggest admissions of liability or wrongdoing by the settling parties; and (2) that a settlement can be used "defensively" by the parties to prevent litigation over controversies which were settled or claims that were waived by the settlement. These two legal principles—that a settlement agreement is not an admission of liability and that it has *res judicata* effect—ensure that settlements are not misused, on the one hand, and are effective, on the other, and thus are fundamental to the public policy of encouraging settlement. *See, e.g.*, Fed. R. Evid. 408 Advisory Committee Note (explaining that "[a]s a matter of general agreement, evidence of an offer to compromise a claim is not receivable in evidence as an admission of" liability on the claim because it is irrelevant "since the offer may be motivated by a desire for peace rather than from any concession of weakness of position" and to promote "the public policy favoring the compromise and settlement of disputes"); *Bergh v. Department of Transp.,* 794 F.2d 1575, 1577 (Fed. Cir.), *cert. denied,* 479 U.S. 950 (1986) ("The law strongly favors settlement of litigation, and there is a compelling public interest and policy in upholding and enforcing settlement agreements voluntarily entered into."); *Hawthorne v.*

*Eckerson Co.*, 77 F.2d 844, 847 (2d Cir. 1935) (Hand, J.) ("Settlements have always been looked on with favor, and courts have deemed it against public policy to subject a person who has compromised a claim to the hazard of having a settlement proved in a subsequent lawsuit by another person asserting a cause of action arising out of the same transaction.") (citation omitted); *Williams v. First Nat. Bank*, 216 U.S. 582, 595 (1910) ("Compromises of disputed claims are favored by the courts …") (citation omitted).

Courts, including those in the Second Circuit, routinely approve settlement agreements that include provisions that, like Paragraph 22, broadly prohibit the use of settlement agreements and negotiations in other proceedings. *See, e.g.*, *Spann v. AOL Time Warner Inc.*, No. 02-8238DLC, 2005 WL 1330937, at **12-13 (S.D.N.Y. June 7, 2005) (prohibiting evidence of settlement from being used for any purpose in any other proceeding, except to enforce settlement agreement and by defendants to, *inter alia*, support defenses); *In re Computer Assocs. Class Action Secs. Litig.*, No. 98-4839, 2003 WL 25770761, at **3-4 (E.D.N.Y. Dec. 8, 2003) (prohibiting evidence of settlement from being used for any purpose in any proceeding, except to enforce provisions of settlement stipulation and by defendants to enforce liability protection granted under the stipulation), *aff'd*, 2007 WL 2261683 (E.D.N.Y. Aug. 2, 2007), *aff'd sub nom.*, *Federman v. Artzt*, 339 F.App'x 31 (2d Cir. 2009) (summary order); *see also Carroll v. Stettler*, No. 10-2262, 2011 WL 5024268, at *2 (E.D. Pa. Oct. 19, 2011) (same); *Wilson v. Venture Fin. Group, Inc.*, No. 09-05768, 2011 WL 4389374, at *4 (W.D. Wash. Apr. 26, 2011) (same); *Loudermilk Servs., Inc. v. Marathon Petroleum Co. LLC*, No. 3:04-0966, 2009 WL 728518, at *6 (S.D. W. Va. Mar. 18, 2009) (same); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 584 F. Supp.2d 697, 708 (E.D. Pa. 2008) (same); *In re Westar Energy, Inc. ERISA Litig.*, No. 03-4032-JAR, 2006 WL 6909134, at *3 (D. Kan. July 27, 2006); *Int'l Union v. Ford Motor Co.*, No. 05-74730, 2006 WL 1984363, at *14 (E.D. Mich. July 13, 2006), *aff'd sub nom. Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615 (6th Cir. 2007) (same); *In re McKesson HBOC, Inc. ERISA Litig.*, 391 F.Supp.2d 844, 851 (N.D. Cal. 2005); *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, MDL 1559 4:03-MD-015, 2004 WL

3671053, at *18 (W.D. Mo. Apr. 20, 2004) (same); *In re TSO Fin. Litig.*, No. 87-7903, 1989 WL 73249, at *8 (E.D. Pa. June 29, 1989) (same).

For instance, in *Spann*, Judge Cote's order approving the class action settlement contained language virtually identical to Paragraph 22's language. Specifically, the court's order in *Spann* directed that:

> [The Settlement Agreement and related negotiations or proceedings] shall not be offered or received against the Defendants or against the Named Plaintiffs or the Class as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Parties to the Settlement Agreement in any other civil, criminal, administrative or other proceeding, other than such proceedings as may be necessary to effectuate or enforce the provisions of the Settlement Agreement, provided, however, that following the approval of the Settlement by the Court, Defendants may refer to the Settlement Agreement to effectuate or enforce the releases or any other rights, terms or provisions set forth therein, and to that end may use the Settlement Agreement or this Order and Final Judgment in any action or other proceeding to support a defense, claim, counter-claim or cross-claim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or similar claim, defense, counter-claim or cross-claim . . .
>
> This Order and Final Judgment, the Settlement Agreement, and any of their terms, and all negotiations, discussions and proceedings in connection with this Order and Final Judgment and the Settlement, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum, or other tribunal in the United States or any other country except as necessary to enforce the terms of the Order and Final Judgment or the Settlement Agreement.

*Id.* at *12-13.[1]

Like the language contained the orders approving settlements in *Spann* and the other cases cited above, the language in Paragraph 22 embodies the settled principles that:

---

[1] Research has uncovered no authority rejecting a provision akin to Paragraph 22. In fact, at least one federal court has held explicitly that the Federal Rules of Evidence do *not* preclude a court from prohibiting, as here, any use of settlement evidence in other proceedings. *See Gunter v. Ridgwood Energy Corp.*, 32 F. Supp.2d 162, 165-66 (D.N.J. 1998) (affirming validity of local court rule that prohibited parties from using settlement communications "for any purpose . . . in *any pending or future proceeding*") (emphasis added).

(1) settlement agreements and related negotiations should not be used to improperly prejudice the settling parties in other proceedings; and (2) a settlement *can* be used "defensively" to prevent re-litigation of controversies and claims that were settled or waived by the settlement. These two principles ensure, on the one hand, that non-parties cannot use settlement agreements and negotiations to the detriment of the settling parties and, on the one other hand, protect and encourage the strong public policy favoring settlement. In other words, Paragraph 22—like similar provisions in orders approving other class settlements achieved through good faith negotiations—directs that the settlement cannot be used in other proceedings to even suggest or imply an admission of wrongdoing. Any other result would discourage litigants from even attempting to reach a pre-trial resolution and significantly undermine the well-established public policy favoring the settlement of litigation. This is particularly true in the class action context, where the settlement must be approved by the court before it becomes effective. *See. e.g.*, *McReynolds v. Richards-Cantave*, 588 F.3d 790, 803 (2d Cir. 2009) (recognizing that the public policy favoring settlement is strong in the class action context). If litigants could offer the proposed settlement in other proceedings, and thereby influence the trier of fact in those proceedings, parties would be discouraged from reaching class settlements in direct contravention of Second Circuit authority. *Id.*

Here, in particular, Paragraph 22 is necessary to prevent the proposed settlement from being used to influence other tribunals—including arbitration panels, which are the triers of fact—by suggesting that the settlement is indicative of Defendants' liability. At the same time, Defendants may need to use the settlement to properly defend themselves against a claim brought by a claimant who has waived or resolved his or her claims through the settlement or if a claimant tries to introduce the settlement agreement in violation of the Court's Order.[2] Thus, Paragraph 22 embodies the parties' intent to effectuate the settled law regarding permissible and

---

[2] The necessity of this provision has been shown by attempts already made to use the settlement for no legitimate purpose. *See* Dkt. No. 85.

impermissible uses of settlement agreements in other proceedings.[3]

As shown: (1) Paragraph 22—the proposed language governing the use of the settlement in future litigation—comports with settled law and furthers the longstanding public policy of encouraging settlement agreements; and (2) courts, including those within the Second Circuit, routinely issue orders in the class settlement context that include provisions like Paragraph 22. Accordingly, because the law supports the inclusion in the preliminary approval order of a provision governing the use of the settlement in future litigation, the Parties request that the Court enter the Proposed Order Preliminarily Approving Settlement And Providing For Notice as written.

---

[3] A law firm purporting to represent "Proposed Class Members" recently filed a reply in support of its motion for reconsideration of this Court's interim order that includes language similar to the language in Paragraph 22. Dkt. No. 92. Nothing in that reply calls into question the propriety of Paragraph 22. First, the law firm claims that Interim Order is an unconstitutional prior restraint of speech. None of the cases cited in the reply addressed provisions, like Paragraph 22, that embody settled principles of law governing the use of settlement agreements and which are routinely included in orders approving class settlements. Second, the law firm argues that the Interim Order implicates public right of access issues, likening the Order to sealing a record. But the Order does not impede *access* to the terms of the settlement which is a matter of public record. It only places limits on *use* consistent with the law. Third, the law firm contends that the Interim Order it is overbroad. More specifically, it argues that FINRA panels are not bound by the federal rules of evidence and therefore should be allowed to decide what evidence to admit. But, again, provisions limiting use of settlement agreements before other tribunals are commonplace in settlement approval orders. The remainder of the law firm's overbreadth argument likewise ignores that fact that provision like Paragraph 22 are routinely included in approved orders.

Dated: September 17, 2012

**REED SMITH LLP**

*s/ Mary J. Hackett*
Mary J. Hackett
Catherine S. Ryan
Kim M. Watterson
REED SMITH LLP
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA  15222
412.288.3131
mhackett@reedsmith.com
cryan@reedsmith.com
kwatterson@reedsmith.com

*Attorneys for Defendants*
*Merrill Lynch & Co., Inc.,*
*Merrill Lynch, Pierce, Fenner & Smith,*
*and Bank of America Corporation*


Paul J. Hanly, Jr.
Andrea Bierstein
Hanly Conroy Bierstein Sheridan Fisher & Hayes LLP
112 Madison Avenue
New York, New York 10016

Charles A. McCallum III
McCallum, Hoaglund, Cook & Irby, LLP
905 Montgomery Highway
Suite 201
Vestavia Hills, AL  35216

*Attorneys for Plaintiffs*
*Scott A Chambers and*
*John C. Burnette*

CERTIFICATE OF SERVICE

      I hereby certify that on September 17, 2012, the foregoing was electronically filed with the Court's electronic filing system and served on the following counsel of record by the Court's electronic filing system:

      Paul J. Hanly, Jr.
      Andrea Bierstein
      Hanly Conroy Bierstein Sheridan Fisher & Hayes LLP
      112 Madison Avenue
      New York, NY  10016

      Charles A. McCallum III
      McCallum, Hoaglund, Cook & Irby, LLP
      905 Montgomery Highway
      Suite 209
      Vestaria Hills, AL  35216

      *Attorneys for Plaintiffs*


      Michael S. Taaffe
      Shumaker Loop & Kendrick, LLP
      240 S. Pineapple Ave.
      Sarasota, FL 34236

      Peter Ray Silverman
      Shumaker, Loop & Kendrick, LLP
      1000 Jackson Street
      Toledo, OH 43604

      *Attorneys for Proposed Class Members*


      *s/ Mary J. Hackett*

      Counsel for Defendants