## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

SCOTT A. CHAMBERS and JOHN C. BURNETTE, on behalf of themselves and all others similarly situated,

                    Plaintiffs,

    vs.

MERRILL LYNCH & CO., INC., MERRILL LYNCH, PIERCE, FENNER & SMITH, and BANK OF AMERICA CORPORATION,

                    Defendants.

No.  1:10-cv-07109-AJN



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: SEP 1 8 2012

### ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, an above entitled action is pending before this Court (the "Litigation");

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order approving the settlement of this Litigation, in accordance with the Stipulation of Settlement dated as of August 15, 2012, as replaced and superseded in its entirety by the Amended Stipulation of Settlement dated as of September 6, 2012 (the "Stipulation"), which, together with the exhibits annexed thereto, set forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the exhibits annexed thereto; and

WHEREAS, all defined terms herein have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

2.      The Court does hereby preliminarily approve the Stipulation and the settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

3.      The Court finds on a preliminary basis that the settlement as set forth in the Stipulation falls within the range of reasonableness and therefore meets the requirements for preliminary approval.

4.      The Court conditionally certifies, for settlement purposes only (and for no other purpose and with no other effect upon the Litigation, including no effect upon the Litigation should the Stipulation not ultimately be approved or should the Effective Date not occur), a class defined as those individuals who were employed by Merrill Lynch in the position of Financial Advisor, in the United States who: (a) held the position of Financial Advisor at Merrill Lynch on September 15, 2008; (b) participated in the Merrill Lynch Financial Advisor Capital Accumulation Award Plan ("FACAAP"); and/or the Merrill Lynch Growth Award Plan for Financial Advisors ("Growth Award"); and/or the Merrill Lynch Wealthbuilder Account Plan ("Wealthbuilder") (collectively, the "Plans"); (c) voluntarily terminated employment (excluding retirements) at Merrill Lynch during the period from September 15, 2008 through and including June 30, 2012 (the "Class Period") while holding the position of Financial Advisor at the time employment was terminated and had unvested awards in one or more of the Plans at the time of their terminations; (d) had 2008 Production Credits of $500,000 or less and (e) did not sign and/or accept the original or amended Merrill Lynch Advisor Transition Program (hereinafter, the "Class"). Excluded from the Class are

any and all Financial Advisors who have, on or before the Stipulation Execution Date,

entered into a settlement agreement with one or more of the Defendants and/or the Releasees

in which they released any claim relating to the alleged voluntary termination of their

employment with Merrill Lynch for "Good Reason" under one or more of the Plans

following the Change in Control against one or more of the Defendants.

5.      The Court finds, for settlement purposes only, that class certification under

Fed. R. Civ. P. 23(b)(3) is appropriate in that, in the settlement context: (a) the Class is so

numerous that joinder is impracticable; (b) there are questions of law and fact that are

common to all members of the Class, which questions predominate over individual issues;

(c) Plaintiffs' claims are typical of the claims of the Class; (d) Plaintiffs and their attorneys

will fairly and adequately protect the interests of the Class; and (e) a class action is superior

to other available methods for the fair and efficient adjudication of the controversy.

6.      The Court appoints the Plaintiffs Scott A. Chambers and John C. Burnette  as

Class Representatives.  The law firms of McCallum, Hoaglund, Cook & Irby, LLP and Hanly

Conroy Bierstein Sheridan Fisher & Hayes LLP are appointed as Class Counsel.

7.      A hearing (the "Settlement Hearing") shall be held before this Court on

Feb. 13    , 2013, at  2 P.m., at the United States District Court for the Southern

District of New York, 500 Pearl Street, New York, New York 10007 to determine whether

the proposed settlement of the Litigation on the terms and conditions provided for in the

Stipulation is fair, reasonable, and adequate to the Class and should be approved by the

Court; whether a Judgment as provided in ¶ 1.20 of the Stipulation should be entered and to

determine any amount of fees and expenses that should be awarded to Class Counsel and any

award to the Class Representatives for their representation of the Class.

8.      The Court approves the form, substance and requirements of:  the Notice of
Proposed Settlement of Class Action ("the Notice"), the Settlement Disclosure Form
("Disclosure Form"), the Settlement Claim Certification Form and Release ("Claim Form")
and the Election to Opt Out of Settlement and Class Action ("Opt Out Form") annexed
hereto as Exhibits 1-A, 1-B, 1-C and 1-D, respectively.  The Court further finds that the
form, content and mailing of the Notice, substantially in the manner and form set forth in ¶ 9
of this Order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, due
process, and constitute the best notice practicable under the circumstances and shall
constitute due and sufficient notice to all persons entitled thereto.

9.      Pursuant to Rule 53(c) of the Federal Rules of Civil Procedure, the Court
appoints Rust Consulting, Inc. ("Claims Administrator") to supervise and administer the
notice procedure as well as the processing of claims as more fully set forth below:

(a) No later than forty-five (45) days from the entry of this Order (the "Notice
Mailing Date"), Defendants and/or the Claims Administrator shall cause a copy of the
Notice, and either the Disclosure Form (for those Class Members who have, on or before
June 30, 2012, filed a legal action relating to their alleged voluntary termination for "Good
Reason" against one or more of the Defendants in court or in an arbitration forum, including
but not limited to the Financial Industry Regulatory Authority ("FINRA"), the American
Arbitration Association ("AAA") and JAMS, or who have, on or before June 30, 2012, sent a
written request to Defendants, either by a Class Member or by counsel on behalf of a Class
Member, for benefits under one or more of the Plans as a result of a Class Member's alleged
voluntary termination for "Good Reason" following the Change in Control ("Demand") to
one or more of the Defendants) or the Claim Form (for those Class Members who have

- 4 -

neither, on or before June 30, 2012, filed a legal action relating to their alleged voluntary termination for "Good Reason" against one or more Defendants or, on or before June 30, 2012, sent a Demand to one or more Defendants) and the Opt Out Form substantially in the forms annexed as Exhibits 1-A, 1-B or 1-C and 1-D hereto, to be mailed by first class mail to all Class Members who can be identified with reasonable effort.  Defendants and/or the Claims Administrator shall cause the Notice and the Disclosure Form or the Claim Form and the Opt Out Form, substantially in the forms annexed as Exhibits 1-A, 1-B or 1-C and 1-D hereto to be mailed directly to all Class Members at their Last Known Address, whether or not those Class Members are represented by separate counsel.  Additionally, Defendants and/or the Claims Administrator shall cause a sample copy of the Notice, the Disclosure Form, the Claim Form and the Opt Out Form, substantially in the forms annexed as Exhibits 1-A, 1-B, 1-C and 1-D hereto to be mailed by first class mail to all known counsel of Class Members, other than Class Counsel, to inform them of the Settlement and the Class Members' receipt of the same;

(b)  Not later than the Notice Mailing Date, the Claims Administrator shall post on its website at www.chambersvmerrilllynchclaimsadministrator.com, the Stipulation, the Notice, the Disclosure Form, the Claim Form and the Opt Out Form; and

(c)  Within ten (10) days of the Notice Mailing Date, the Claims Administrator shall serve on counsel and file with the Court proof, by affidavit or declaration, of such mailing.

10.     Defendants shall be solely responsible for all fees, costs, and expenses incurred by the Claims Administrator in identifying and notifying members of the Class.

11.     All members of the Class who do not Opt Out of the Settlement Class by properly and timely submitting an Opt Out Form shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Class.

12.     The Settlement Formula is preliminarily approved as, in all respects, fair, reasonable and adequate to the Class Members.

13.     Class Members who have filed a legal action relating to their alleged voluntary termination for "Good Reason" on or before June 30, 2012 against one or more of the Defendants in court or in an arbitration forum, including but not limited to FINRA, AAA or JAMS, or who have sent a Demand to one or more Defendants on or before June 30, 2012 will receive a Disclosure Form and not a Claim Form.  Such Class Members do not need to submit a Claim Form and shall receive a settlement payment if the settlement is approved and becomes effective unless they request exclusion from the Class by properly and timely Opting Out in accordance with the terms of the Stipulation.

14.     Class Members who have not filed a legal action relating to their alleged voluntary termination for "Good Reason" on or before June 30, 2012 against one or more of the Defendants in court or in an arbitration forum, including but not limited to FINRA, AAA or JAMS, or who have not previously sent a Demand to one or more of the Defendants on or before June 30, 2012, but who wish to receive a settlement payment, shall complete, sign and return the Claim Form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Claim Forms must be submitted no later than forty-five (45) days from the Notice Mailing Date.  Any Class Member who does not timely and validly submit a Claim Form within the time provided shall be barred from receiving a settlement payment,

- 6 -

unless otherwise ordered by the Court, but shall nevertheless be bound by any final judgment entered by the Court.  Notwithstanding the foregoing, in accordance with ¶ 6.9 of the Stipulation, the Settling Parties shall have the discretion to accept late-submitted Claim Forms for processing by the Claims Administrator.

15.     Any member of the Class who does not Opt Out of the Settlement Class may enter an appearance in the Litigation, at his or her own expense, individually or through counsel of his or her own choice.  If they do not enter an appearance, they will be represented by Class Counsel.

16.     Any Person falling within the definition of the Class may, upon request, Opt Out or be excluded from the Class.  Any such Person must submit to the *Claims Administrator*, Chambers v. Merrill Lynch & Co., Inc., Claims Administrator, c/o Rust Consulting, Inc., P.O. Box 2396, Faribault, MN 55021-9096,  an Opt Out Form, no later than forty-five (45) days after the Notice Mailing Date.  An Opt Out Form must be fully completed and include an original signature, signed personally by the individual Class Member seeking to Opt Out of the Settlement Class.  All Class Members who submit valid and timely Opt Out Forms in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not receive a settlement payment, and shall not be bound by the Stipulation or any Final Judgment.

17.     The Claims Administrator shall provide Class Counsel and Defendants' counsel with a copy of each Opt Out Form upon the Claims Administrator's receipt of same and shall file with the Court under seal all properly completed and timely Opt Out Forms no later than twenty (20) days prior to the Settlement Hearing.

18.     Any Member of the Class who does not timely and validly Opt Out of the Settlement Class may appear and show cause, if he or she has any reason why the proposed settlement of the Litigation should not be approved as fair, reasonable and adequate, or why a Judgment should not be entered thereon, why attorneys' fees and expenses should not be awarded to Class Counsel or an award to the Class Representatives for their representation of the Class; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed settlement, or, if approved, the Judgment to be entered thereon approving the same, or any attorneys' fees and expenses to be awarded to Class Counsel, unless a written objection is filed with the Clerk of the United States District Court for the Southern District of New York, on or before forty-five (45) days after the Notice Mailing Date, with copies of said objection received by *Claims Administrator*, Chambers v. Merrill Lynch & Co., Inc., Claims Administator, c/o Rust Consulting, Inc., P.O. Box 2396, Faribault, MN 55021-9096; Charles A. McCallum III and R. Brent Irby, McCallum, Hoaglund, Cook & Irby, LLP, 905 Montgomery Highway, Suite 201, Vestavia Hills, Alabama 35216; Paul J. Hanly Jr. and Andrea Bierstein, Hanly Conroy Bierstein Sheridan Fisher & Hayes LLP, 112 Madison Ave., 7th Floor, New York, New York 10016; Mary J. Hackett and Catherine S. Ryan, Reed Smith LLP, 225 Fifth Avenue, Suite 1200, Pittsburgh, PA 15222, on or before forty-five (45) days after the Notice Mailing Date.  The objection must set forth, in clear and concise terms: (a) a statement of each objection asserted; (b) a detailed description of the facts underlying each objection; (c) any documents in the possession or control of the objector and relied upon by the objector as a basis for the objection; (d) if the objector is represented by counsel, a detailed description of the legal authorities supporting each objection; (e) if the objector plans to utilize expert

opinion and/or testimony as part of the objection(s), a written expert report from all proposed experts; (f) if the objector plans to call a witness or present other evidence at the hearing, the objector must state the identity of the witness and identify any documents by attaching them to the objection and provide any other evidence that the objector intends to present; (g) a statement of whether the objector intends to appear at the hearing; and (h) a copy of any exhibits which the objector may offer during the hearing.  Any Member of the Class who does not make his or her objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness or adequacy of the proposed settlement as incorporated in the Stipulation, and to the award of attorneys' fees and expenses to Class Counsel and the payment of an award to the Class Representatives for their representation of the Class, unless otherwise ordered by the Court.

19.     The motion in support of final approval of the settlement and Class Counsel's application for attorneys' fees and expenses shall be filed and served no later than ~~fourteen~~ thirty

(~~14~~) calendar days prior to the Settlement Hearing and any reply papers shall be filed and served ~~seven~~ fourteen (~~7~~) calendar days prior to the Settlement Hearing.

20.     Neither Defendants nor the Releasees shall have any responsibility for any application for attorneys' fees or expenses submitted by the Class Representatives and Class Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the settlement.

21.     At or after the Settlement Hearing, the Court shall determine whether any application for attorneys' fees and expenses, and any award to the Class Representatives for their representation of the Class, should be approved.

- 9 -

22.     Neither this Order, the fact that a settlement was reached and filed, the

Stipulation nor any related negotiations, statements or proceedings shall be construed as,

offered as, admitted as, received as, used as, or deemed to be an admission or concession of

liability or wrongdoing whatsoever or breach of any duty on the part of Defendants.  This

Order is not a finding of the validity or invalidity of any of the claims asserted or defenses

raised in the Litigation.  In no event shall this Order, the fact that a settlement was reached

and filed, the Stipulation, or any of its provisions or any negotiations, statements, or

proceedings relating to it in any way be used, offered, admitted, or referred to in the

Litigation, in any other action, or in any judicial, administrative, regulatory, arbitration

(including but not limited proceedings before FINRA, AAA or JAMS), or other proceeding,

by any person or entity, except by the parties and only the parties in a proceeding to enforce

the Stipulation.  Notwithstanding the foregoing, Defendants may use, offer, admit or refer to

the Stipulation and to the settlement reached therein where necessary to defend themselves in

any other action, or in any judicial, administrative, regulatory, arbitration or other

proceeding.

23.     The Court reserves the right to adjourn the date of the Settlement Hearing

without further notice to the Members of the Class, and retains jurisdiction to consider all

further applications arising out of or connected with the proposed settlement.  The Court may

approve the settlement, with such modifications as may be agreed to by the Settling Parties,

if appropriate, without further notice to the Class.

24.     All proceedings in this Litigation are stayed until further Order of this Court,

except as may be necessary to implement the settlement or comply with the terms of the

Stipulation.

- 10 -

25.     Pending final determination of whether the settlement should be approved, and upon expiration of the Notice Response Deadline, all Class Members who do not timely and validly Opt Out of the Settlement Class, and each of them, and anyone who purports to act on their behalf, shall not maintain, commence, prosecute or pursue either directly, representatively or in any other capacity, any Released Claim subsumed and covered by the Release in this Agreement, including in any court or arbitration forum, including by not limited to FINRA, AAA or JAMS.

26.     If:  (a) the Stipulation is terminated by Defendants as provided in ¶ 13 of the Stipulation; or (b) any specified material term or condition of the Settlement as set forth in the Stipulation is not satisfied as provided in ¶ 13 of the Stipulation, then this Order may not be introduced as evidence or referred to in any actions or proceedings by any Person or entity and shall be treated as vacated, *nunc pro tunc* (except Paragraph 22 of this Order shall remain in effect), and each party shall be restored to his, her or its respective position in this Litigation as it existed prior to the execution of the Stipulation.

27.     By entering this Order, the Court does not make any determination as to the merits of this case.

28.     The Court retains jurisdiction over the Litigation to consider all further matters arising out of or connected with the Stipulation and the settlement described therein.

IT IS SO ORDERED.

DATED:   Sept. 18, 2012

_____
THE HONORABLE ALISON J. NATHAN
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SCOTT A. CHAMBERS and JOHN C. BURNETTE, on behalf of themselves and all others similarly situated, | No. 1:10-cv-07109-AJN |
| Plaintiffs, | |
| vs. | |
| MERRILL LYNCH & CO., INC., MERRILL LYNCH, PIERCE, FENNER & SMITH, and BANK OF AMERICA CORPORATION, | |
| Defendants. | |

NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION

EXHIBIT 1-A

**A FEDERAL COURT AUTHORIZED THIS NOTICE.  THIS IS NOT A**

**SOLICITATION FROM A LAWYER.**

**Based on Merrill Lynch's records, you were employed as a Financial Advisor[1] in the United States on September 15, 2008 and are within the definition of the Class defined below.  As a member of this Class, if you do not Opt Out of this settlement, you can receive a payment from this class action settlement.**

- A settlement will allow you to recover a certain amount of your Plan Value(s) as a result of the voluntary termination of your employment with Merrill Lynch, Pierce, Fenner & Smith Incorporated "for Good Reason," as defined in the Plans, following the merger between Bank of America Corporation and Merrill Lynch & Co., Inc. (the "Change in Control").  The amount of your settlement payment, **prior to a deduction for applicable payroll taxes and attorneys' fees and costs** ("Net Settlement Sum"), is listed on the enclosed Settlement Disclosure Form ("Disclosure Form") or Settlement Claim Certification Form and Release ("Claim Form").

- The Class is defined as those individuals who were employed by Merrill Lynch in the position of Financial Advisor in the United States on September 15, 2008; participated in the Merrill Lynch Financial Advisor Capital Accumulation Award Plan ("FACAAP") and/or the Merrill Lynch Growth Award Plan for Financial Advisors ("Growth Award") and/or the Merrill Lynch Wealthbuilder Account Plan ("Wealthbuilder") (collectively, the "Plans");

---

1   This Notice incorporates by reference the definitions in the Amended Stipulation of Settlement dated September 6, 2012, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Amended Stipulation of Settlement ("Stipulation").  The Stipulation is posted on the Claims Administrator's website at www.chambersvmerrilllynchclaimsadministrator.com.

voluntarily terminated employment (excluding retirement) while holding the position of Financial Advisor and had unvested awards in one or more of the Plans at the time of your resignation; had 2008 Production Credits of $500,000 or less; and did not sign and/or accept the original or amended Advisor Transition Program ("ATP"); and are not otherwise excluded from the Class (see Question 6 below).

- The settlement resolves a lawsuit over whether certain former Merrill Lynch Financial Advisors had "Good Reason" as defined by the Plans to voluntarily terminate their employment with Merrill Lynch following the Change in Control and are entitled to receive certain amounts under one or more of the Plans. The settlement avoids the costs and risks to you from continuing to pursue this lawsuit, or other legal proceeding or arbitration, against one or more of the Defendants regarding whether you voluntarily terminated your employment with Merrill Lynch for "Good Reason" and are entitled to recover certain amounts under one or more of the Plans.

- Court-appointed lawyers for the Class (defined below) will ask the Court for attorneys' fees and litigation costs up to 25% of the settlement amounts that could be recovered by Members of the Class who do not Opt Out of the Settlement Class by submitting an Election to Opt Out of Settlement and Class Action ("Opt Out Form").

- The Defendants have denied and continue to deny liability. The two sides disagree on how much money, if any, could have been won if the case proceeds to trial.

- Your legal rights are affected whether you act, or do not act. Read this Notice carefully.

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:**

| | |
|---|---|
| **RECEIVE A SETTLEMENT PAYMENT** | If you did not file a legal action in court or in an arbitration forum on or before June 30, 2012 against one or more of the Defendants seeking Plan benefits relating to your alleged voluntary termination for "Good Reason", or did not send a written request ("Demand") to one or more of the Defendants seeking such benefits on or before June 30, 2012, submitting the Claim Form enclosed with this Notice is the only way to get a payment. |
| | If you filed a legal action on or before June 30, 2012 against one or more of the Defendants relating to your alleged voluntary termination for "Good Reason" or sent a Demand to one or more of the Defendants on or before June 30, 2012, the enclosed Disclosure Form lists your payment and you do not need to do anything in order to get that payment if you do not Opt Out of the settlement and this settlement is approved by the Court and becomes effective. |
| **EXCLUDE YOURSELF/ OPT OUT** | Submit an Opt Out Form and get no payment from this settlement. This is the only option that allows you to participate in another lawsuit against the Defendants for the legal claims in this case. |

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:**

**OBJECT**

If you do not Opt Out, you may write to the Court and/or ask permission to speak in Court if you do not like this settlement, the request for attorneys' fees and expenses or the award to the Class Representatives.

**DO NOTHING**

If you did not file a legal action in court or in an arbitration forum on or before June 30, 2012 against one or more of the Defendants relating to your alleged voluntary termination for "Good Reason", or did not send a Demand to one or more of the Defendants on or before June 30, 2012, you will get no payment, and will give up rights.

If you filed a legal action on or before June 30, 2012 against one or more of the Defendants relating to your alleged voluntary termination for "Good Reason" or sent a Demand to one or more of the Defendants on or before June 30, 2012, you will receive a payment without the need to take any further action, provided that the settlement is approved by the Court and becomes effective.

- These rights and options — **_and the deadlines to exercise them_** — are explained in this Notice.

- The Court in charge of this case must decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved. Please be patient.

## BASIC INFORMATION

1. **Why did I get this notice package?**

According to Merrill Lynch's records, you were employed by Merrill Lynch in the position of Financial Advisor in the United States, as of September 15, 2008, and: (1) participated in one or more of the Plans; (2) voluntarily terminated your employment (excluding retirement) on or before June 30, 2012 while holding the position of Financial Advisor and had unvested awards in one or more of the Plans at the time of your termination; (3) had 2008 Production Credits of $500,000 or less; and (4) did not sign and/or accept the original or amended ATP.

The Court directed that you be sent this Notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement. If the Court approves it and after any objections or appeals (if there are any) are resolved, the Defendants and/or the Claims Administrator appointed by the Court will make the payments that the settlement allows.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Southern District of New York, and the case is known as *Chambers v. Merrill Lynch & Co., Inc.*, No. 1:10-cv-07109 (AJN). The persons leading the Litigation, Scott A. Chambers and John C. Burnette, are called the Class Representatives and the companies they sued are called Defendants.

2.      **What is this lawsuit about?**

The case involves claims against Defendants[2] alleging that certain Persons who were employed by Merrill Lynch as Financial Advisors as of September 15, 2008 voluntarily terminated their employment with Merrill Lynch "for Good Reason" following the merger between Bank of America Corporation and Merrill Lynch & Co, Inc. and were entitled to receive certain amounts under the Plans as a result of their voluntary terminations. The Class Representatives allege that Defendants breached the Plans by not providing Class Members with those amounts that they were entitled to following their terminations for "Good Reason" following a "Change in Control."

Defendants deny all of the Class Representatives' allegations and further deny that they did anything wrong. Defendants further deny that: (a) the Class Representatives or the Class resigned for "Good Reason" following a "Change in Control;" (b) Defendants took any actions that would give rise to a claim for "Good Reason" following a "Change in Control" under the Plans; (c) the Class Representatives' interpretation of the Plans is correct; and (d) the Class Representatives or the Class are entitled to any amounts under the Plans.

3.      **Why is this a class action?**

In a class action, one or more people called class representatives (in this case, the Court-appointed Class Representatives, Scott A. Chambers and John C. Burnette ) sue on behalf of people who have similar claims. All of these people and/or entities are called a class or class members. One judge – in this case, United States District Court Judge Alison J. Nathan –

---

[2]  Defendants are Merrill Lynch & Co, Inc., Merrill Lynch, and Bank of America Corporation.

resolves the issues for all Class Members, except for those who exclude themselves from the Class.

4. **Why is there a settlement?**

The Court did not decide in favor of the Class Representatives or Defendants. Instead, the lawyers for both sides of the lawsuit have negotiated a settlement that they believe is in the best interests of their respective clients. The settlement allows both sides to avoid the risks and costs of lengthy and uncertain litigation and the uncertainty of a trial and appeals, and permits Class Members to be compensated now without significant delay. The Class Representatives and their attorneys think the settlement is in the best interests of all Class Members.

## WHO IS IN THE SETTLEMENT

If you received this Notice, you are a Class Member and are entitled to receive a Net Settlement Sum payment if you follow the instructions contained in this Notice.

5. **Who is part of the settlement?**

The Class includes ***those Merrill Lynch Financial Advisors, in the United States who: (a) held the position of Financial Advisor at Merrill Lynch on September 15, 2008; (b) participated in one or more of the Plans; (c) voluntarily terminated employment (excluding retirement) at Merrill Lynch between September 15, 2008 and June 30, 2012 (the "Class Period") while holding the position of Financial Advisor at the time employment was terminated and had unvested awards in one or more of the Plans at the time of their terminations; (d) had 2008 Production Credits of $500,000 or less; and (e) did not sign and/or accept the original or amended ATP, other than the Persons excluded from the Class as described below.***

6.      **Are there exceptions to being included in the Class?**

Yes.  Excluded from the Class are any and all Financial Advisors who have, on or before the Stipulation Execution Date, entered into a settlement agreement with one or more of the Defendants and/or the Releasees in which they released any claim relating to the alleged voluntary termination of their employment with Merrill Lynch for "Good Reason" under one or more of the Plans following the Change in Control against one or more of the Defendants.

7.      **I'm still not sure if I am included.**

If you still are not sure whether you are included, you can ask for free help.  You can call [Claims Administrator Phone Number] or visit [website] for more information.

**THE SETTLEMENT BENEFITS – WHAT YOU GET**

8.      **What does the settlement provide?**

Defendants have agreed to pay the Settlement Amount.  The specific components of this Settlement Amount are:  (a) the aggregate amount of Class Member Settlement Sums (the "Net Settlement Consideration"); (b) claims administration costs; and (c) an enhancement payment to the 2 Class Representatives, which shall be in the gross maximum amount of $20,000 to each Class Representative (a maximum aggregate amount of $40,000).

9.      **How much will my payment be?**

The amount of your settlement payment, **prior to a deduction for applicable payroll taxes and attorneys' fees and costs** – the Net Settlement Sum – is listed on the enclosed Disclosure Form or Claim Form.

Your individual Net Settlement Sum was calculated using the following Settlement Formula:

If, based upon Defendants' records, you filed a legal action or arbitration on or before June 30, 2012 against one or more of the Defendants relating to your alleged voluntary termination for "Good Reason" and voluntarily terminated your employment on or before June 30, 2010, your Settlement Sum = (60% of the Plan Values awarded in the years prior to and including 2008) plus (24% of the Plan Values awarded in 2009, if you resigned on or after February 13, 2009).

If, based upon Defendants' records, you filed a legal action or arbitration on or before June 30, 2012 against one or more of the Defendants relating to your alleged voluntary termination for "Good Reason" and voluntarily terminated your employment after June 30, 2010, your Settlement Sum = (50% of the Plan Values awarded in the years prior to and including 2008) plus (20% of the Plan Values awarded in 2009, if you resigned on or after February 13, 2009).

If, based upon Defendants' records, you sent a Demand (but did not file a legal action or arbitration) to one or more of the Defendants on or before June 30, 2012 and voluntarily terminated your employment on or before June 30, 2010, your Settlement Sum = (50% of the Plan Values awarded in the years prior to and including 2008) plus (20% of the Plan Values awarded in 2009, if you resigned on or after February 13, 2009).

If, based upon Defendants' records, you sent a Demand (but did not file a legal action or arbitration) to one or more of the Defendants on or before June 30, 2012 and voluntarily terminated your employment after June 30, 2010, your Settlement Sum = (40% of the Plan Values awarded in the years prior to and including 2008) plus (16% of the Plan Values awarded in 2009, if you resigned on or after February 13, 2009).

If, based upon Defendants' records, you did not file a legal action or arbitration on or before June 30, 2012 against one or more of the Defendants relating to your alleged voluntary termination for "Good Reason" or did not send a Demand to one or more of the Defendants on or before June 30, 2012 and voluntarily terminated your employment on or before June 30, 2010, your Settlement Sum = (50% of the Plan Values awarded in the years prior to and including 2008) plus (20% of the Plan Values awarded in 2009, if you resigned on or after February 13, 2009).

If, based upon Defendants' records, you did not file a legal action or arbitration on or before June 30, 2012 against one or more of the Defendants relating to your alleged voluntary termination for "Good Reason" or did not send a Demand to one or more of the Defendants on or before June 30, 2012 and voluntarily terminated your employment after June 30, 2010, your Settlement Sum = (40% of the Plan Values awarded in the years prior to and including 2008) plus (16% of the Plan Values awarded in 2009, if applicable).

As used in the Settlement Formula, "Plan Value" means the unvested balance of a Class Member's interest in the Plans as of the date of voluntary termination. For those Class Members who voluntarily terminated their employment on or after September 15, 2008 but before January 1, 2009, the Plan Value shall be calculated using September 15, 2008 as the Change in Control date. The Plan Value for FAs who resigned before January 1, 2009 shall be calculated as follows: (a) FACAAP – (i) the Minimum Value as defined in the Plan (award amount plus 1% interest per year) for unvested awards made on or after January 1, 1998 and prior to January 1, 2003 that were subject to the Minimum Value calculation, and (ii) the product of the number of shares of Merrill Lynch & Co., Inc. stock awarded, converted to shares of Bank of America stock, multiplied by $42.98 per share for unvested awards that were made on or after January 1,

2003 and unvested awards that were made on or after January 1, 1998 and prior to January 1, 2003 that were not subject to the Minimum Value calculation;[3] (b) Growth Award and/or Wealthbuilder – cash value of unvested awards as of date of voluntary termination. No post-termination interest will be added to these amounts. For those Class Members who voluntarily terminated their employment on or after January 1, 2009, the Plan Value shall be calculated using January 1, 2009 as the Change in Control Date. The Plan Value for FAs who resigned on or after January 1, 2009 shall be calculated as follows: (a) FACAAP – (i) the Minimum Value as defined in the Plan (award amount plus 1% interest per year) for unvested awards made on or after January 1, 1998 and prior to January 1, 2003 that were subject to Minimum Value calculation, and (ii) the product of the number of shares of Merrill Lynch & Co., Inc. stock awarded, converted to shares of Bank of America stock, multiplied by $31.72 per share for unvested awards that were made on or after January 1, 2003 and unvested awards made on or after January 1, 1998 and prior to January 1, 2003 that were not subject to the Minimum Value calculation;[4] (b) Growth Award and/or Wealthbuilder – cash value of unvested awards as of date of voluntary termination. No post-termination interest will be added to these amounts. If you

---

[3] The $42.98 per share price is computed as follows under the FACAAP: the highest Fair Market Value ("FMV"), as defined in the FACAAP, during the 90-day period ending on September 15, 2008 is the June 18, 2008 price of $36.945 per share. As this was the FMV of Merrill Lynch stock, which was converted to Bank of America stock at a rate of 0.8595 pursuant to the merger agreement between Merrill Lynch and Bank of America, we adjust for the conversion to Bank of America stock by dividing the $36.945 FMV by 0.8595 to reach $42.98 per share.

[4] The same calculation described in footnote 1 is performed for Class Members that voluntarily terminated their employment for good reason after January 1, 2009, but in those cases, the 90-day period changes. Specifically, the 90 day period ending on January 1, 2009 began on October 4, 2008, which was a Saturday, thereby pushing the date back to October 3, 2008, during which the highest FMV was $27.265 per share. When adjusted for the conversion rate, the stock price is $31.72 per share.

resigned prior to February 13, 2009, the Plan value shall not include any amounts awarded under the Plans in 2009, notwithstanding any other provisions of this Stipulation.

The Settlement Sum determined by the above formula shall be converted to a Net Settlement Sum prior to payment. The Net Settlement Sum shall reflect the deduction of Payroll Taxes from the Settlement Sum of each Participating Claimant, as well as the amount of attorneys' fees and costs that the Court shall award. The percentage of attorneys' fees and costs shall not exceed 25% of the Settlement Sum. Other than the above-referenced withholding and reporting of Payroll Taxes you will be solely responsible for the reporting and payment of any federal, state and/or local income or other tax or any other withholdings, if any, on the settlement payment made to you. Defendants make no and have made no representations as to the taxability of any portion of your settlement payments. You should seek your own tax advice.

The data as provided by Defendants upon which the Settlement Formula is based, including the date on which a Class Member voluntarily terminated his or her employment, whether or not the Class Member filed a legal action or arbitration relating to his or her alleged voluntary termination for "Good Reason" or sent a Demand to one or more of the Defendants and his or her Plan Values shall be deemed accurate unless the Class Member provides to the Claims Administrator documentary proof that the information is inaccurate prior to [Notice Response Deadline]. If a Class Member timely submits such documentary evidence, the Claims Administrator, after requesting that the Defendants verify the data, will have authority to make a final and binding decision, as to the Settling Parties and Releasees, with respect to the correctness of the data, including, but not limited to, the settlement amount due.

*If you have an outstanding promissory note obligation due and owing to any or all of Defendants, such obligations will continue to remain due and owing pursuant to the terms of said promissory notes.*

No Person shall have any claim against the Class Representatives, Class Counsel, any claims administrator or other Person designated by Class Counsel or Defendants and/or the Releasees and/or their counsel based on distributions made substantially in accordance with the Stipulation and the settlement contained therein, the Settlement Formula, or further orders of the Court.  All Class Members did not file a legal action on or before June 30, 2012 against one or more of the Defendants relating to your alleged voluntary termination for "Good Reason" or did not send a Demand to one or more of the Defendants on or before June 30, 2012 and who fail to complete and file a valid and timely Claim Form shall be barred from receiving a Settlement Sum (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any judgment entered and the releases given.

## HOW YOU GET A PAYMENT

10.     **How will I get a payment?**

*If, according to Defendants' records, you have previously filed a legal action in court or in an arbitration forum on or before June 30, 2012 against one or more of the Defendants relating to your alleged voluntary termination for "Good Reason", or sent a Demand to one or more of the Defendants on or before June 30, 2012*—You will receive a payment in the amount of the Net Settlement Sum listed on the enclosed Disclosure Form unless you Opt Out from the Class if the settlement is approved and becomes effective.

*If, according to Defendants' records, you did not file a legal action June 30, 2012 against one or more of the Defendants relating to your alleged voluntary termination for "Good Reason" or did not send a Demand to one or more of the Defendants on or before June 30,*

*2012*—To qualify for a payment, you must send in a Claim Form. Your Claim Form is enclosed with this Notice and includes the Net Settlement Sum payment that you will receive if you send in the Claim Form and the settlement is approved and becomes effective. Read the instructions carefully, complete and sign the Claim Form, correct your name or address if not correct, and mail it postmarked no later than _____, 2012.

  11.  **When would I get my payment?**

  The Court will hold a hearing on _____, 2012, at _____, to decide whether to approve the settlement. If Judge Nathan approves the settlement, there may be appeals. Following approval and any appeals, unless the settlement approval is reversed, settlement payments will be processed.

  12.  **What am I giving up to get a payment or stay in the Class?**

  Unless you Opt Out/exclude yourself from the settlement in the manner provided by this Notice, you are staying in the Settlement Class. That means that, upon the Effective Date (defined below), you (and your predecessors, successors, agents, representatives, attorneys and affiliates, and the heirs, executors, administrators, successors and assigns of each of them) will be held to have released and forever discharged Defendants and the Releasees (as defined below) from all Released Claims (as defined below) and will be barred from suing, continuing to sue or being part of any other legal action against the Releasees relating to the Released Claims (defined below).

  By staying in the Settlement Class, you are waiving and/or giving up the opportunity to pursue an individual legal action against one or more of the Defendants and/or Releasees in favor of proceeding as a Member of the Settlement Class. Further, by staying in the Settlement Class, you are waiving/foregoing the provision of the FACAAP that states "[n]o claim or dispute

- 14 -         -

concerning rights or entitlements under or otherwise relating to the Plan may be brought or litigated in a class action."

It also means that if you are a member of the Settlement Class, all of the Court's orders will apply to you and legally bind you, which include terms providing for such release of and bar against further legal actions by Settlement Class Members relating to Released Claims against the Releasees.

"Releasees" or "The Releasees" mean Defendants and each of their partners, affiliates, parent companies, subsidiaries, divisions or other organizational units of any kind doing business in their own names, and doing business under any other names, any entity now or in the past controlled by, controlling or under the common control with any of the foregoing and doing business under any other names, and any and all of their respective affiliates and subsidiaries, and each of their respective predecessors, successors and assigns, and each of their past and present officers, directors, partners, shareholders, associates, trustees, employees, agents, attorneys (including any consultants hired by counsel), accountants, representatives, beneficial owners, investment advisors, investment bankers, insurers, independent contractors, heirs, executors, and administrators, and each of their respective predecessors, successors, and assigns.

"Released Claims" shall collectively mean any and all claims, defenses, demands, actions, causes of action, rights, offsets, setoffs, suits, damages, lawsuits, liens, costs, surcharges, losses, attorneys' fees, expenses or liabilities of any kind whatsoever, in law or in equity, for any relief whatsoever, including monetary, injunctive or declaratory relief, rescission, general, compensatory, special, liquidated, indirect, incidental, consequential or punitive damages, as well as any and all claims for treble damages, penalties, interest, attorneys' fees, costs or expenses, whether known or Unknown, alleged or not alleged in the Litigation, suspected or

unsuspected, contingent or vested, accrued or not accrued, liquidated or unliquidated, matured or

unmatured, that in any way concern, relate to, or arise out of the Change in Control and/or the

Plans, and which any Class Member has, had, or now have, from the beginning of time up

through and including the Effective Date, against the Releasees ("Claims"), including but not

limited to, any and all Claims arising out of or relating to: (1) allegations that were or could have

been asserted in the Complaint or the Litigation in any way relating to any Class Member's

employment or voluntary termination with Defendants in connection with the Change in Control

and/or the Plans; (2) the Complaint or the facts and circumstances giving rise thereto; (3) any

activities the Releasees took with respect to any Class Member's employment or voluntary

termination with Defendants in connection with the Change in Control and/or the Plans; (4) all

"Good Reason" claims under the Plans whether asserted in court, before the Financial Industry

Regulatory Authority ("FINRA"), the American Arbitration Association ("AAA"), JAMS or in

any other judicial or arbitration forum; (5) any conduct undertaken by any of the Releasees to

defend the Litigation and/or any action, lawsuit, arbitration, or proceeding involving a Released

Claim, including but not limited to, any alleged improper discovery conduct and/or any request

for sanctions in any action, lawsuit, arbitration, and/or proceeding involving a claim for "Good

Reason" under the Plans; and/or (6) any alleged representations, misrepresentations, disclosures,

incorrect disclosures, failures to disclose, acts (legal or illegal), omissions, failures to act,

deceptions, acts of unconscionability, unfair business practices, breaches of contract, usury,

unfulfilled promises, breaches of warranty or fiduciary duty, conspiracy, excessive fees

collected, or violations of any consumer protection statute, any state unfair trade practice statute,

or any other body of case, statutory or common law or regulation, federal or state, including but

not limited to breach of contract under the Plans, fraud, violation of the Racketeer Influenced and

Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.*, breach of fiduciary duty and/or breach of duty of good faith and fair dealing under the Plans, negligence, conversion, unpaid wages, unjust enrichment, or violation of any of the rules of FINRA.  Released Claims also include, without limitation, any allegation that any Defendant or Releasee has conspired with, aided and abetted, or otherwise acted in concert with any other Defendant, Releasee, or third parties, with regard to any of the facts, acts, events, transactions, occurrences, courses of conduct, business practices, representations, omissions, circumstances or other matters related to the Litigation and/or any action, lawsuit, arbitration, or proceeding involving a Released Claim or to discovery in the Litigation and/or any action, lawsuit, arbitration, or proceeding involving a Released Claim.  It is the intention of the Class Representatives and each of the Releasors (as defined below) to provide a general release of all Released Claims against the Releasees, in accordance with Paragraph 9 of the Agreement.  Released Claims do not include claims, rights or causes of action or liabilities whatsoever:  (i) to enforce the Settlement; and (ii) for breach or violation of any of the terms of this Agreement or orders or judgments issued by the Court in connection with the Settlement or confidentiality obligations with respect to settlement communications.

"Unknown Claims" mean any Released Claims which any Class Representative or any Settlement Class Member does not know or suspect to exist in his or her favor at the time of the entry of the Judgment, and which, if known by him or her might have affected his or her settlement with and release of the Releasees, or might have affected his or her decision to opt out of the Settlement Class or to object to this Settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Class Representatives shall expressly and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have to the fullest extent allowed by law, waived

the provisions, rights and benefits of any statute or principle of common law similar to California

Civil Code § 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor**.

The Class Representatives and each Settlement Class Member may hereafter discover facts in addition to or different from those which he or she now knows or believes to be true with respect to the subject matter of the Released Claims, but Class Representatives and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released to the fullest extent allowed by law any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which then exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, contract, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  The Class Representatives acknowledge, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a material term of the settlement of which this release is a part.

The "Effective Date" will occur upon the Court approving the settlement, the Court Order provided for under the terms of the settlement becoming final and not subject to any appeal, and when all other conditions of the settlement have been met.

## OPTING OUT FROM THE SETTLEMENT

If you do not want a payment from this settlement, but you want to keep the right to sue or continue to sue the Defendants on your own about the same issues in this case, then you must take steps to get out of the Settlement Class. This is called Opting Out or excluding yourself from the Settlement Class.

By Opting Out of the Settlement Class, you are preserving and/or retaining the opportunity to pursue an individual legal action against one or more of the Defendants and/or Releasees rather than proceeding as a Member of the Settlement Class. Further, by Opting Out of the Settlement Class, you are preserving the provision of the FACAAP that states "[n]o claim or dispute concerning rights or entitlements under or otherwise relating to the Plan may be brought or litigated in a class action."

### 13.   **How do I Opt Out of the Class?**

To Opt Out from the Settlement Class, you must send in the Opt Out Form enclosed with this Notice. Your Opt Out Form must be fully completed and include your original signature, signed personally by you. You must mail your Opt Out Form to the following so that it is received no later than _____, 2012 to:

*Claims Administrator*:
Chambers v. Merrill Lynch & Co., Inc.
Claims Administator
c/o Rust Consulting, Inc.
P.O. Box 2396
Faribault, MN 55021-9096

You cannot Opt Out on the phone or by e-mail. If you properly and timely submit an Opt Out Form, you are not eligible to get any settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit.

If you Opt Out of from the Settlement Class and change your mind and want to participate in the settlement, you may revoke your Opt Out Form if you mail a notice of your election to revoke your Opt Out to the Claims Administrator so that it is received no later than _____, 2012.

### 14. **If I Opt Out, can I get money from this settlement?**

No. If you Opt Out, do not send in a Claim Form.

**THE LAWYERS REPRESENTING YOU**

### 15. **Do I have a lawyer in this case?**

The Court appointed the law firms of McCallum, Hoaglund, Cook & Irby, LLP and Hanly Conroy Bierstein Sheridan Fisher & Hayes LLP to represent you and other Class Members. These lawyers are called Class Counsel. These lawyers will apply to the Court for payment from the Settlement Fund; you will not otherwise be charged for their work. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 16. **How will the lawyers be paid?**

Class Counsel shall be entitled, subject to Court approval, to apply to the Court for an award of attorneys' fees and costs not to exceed twenty-five percent (25%) of the total aggregate amount of the Settlement Class Members' Settlement Sums.

In addition, the Class Representatives may request up to $20,000.00 each for their efforts in representing the Class. This compensation is a portion of the Settlement Amount but will not be paid from Settlement Class Members' Settlement Sums. Class Members are not personally liable for any such fees or expenses.

To date, Class Counsel have not received any payment for their services in conducting this Litigation on behalf of the Class Representatives and the Class, nor have counsel been paid

for their expenses. The fee requested will compensate Class Counsel for their work in achieving the settlement and is well within the range of fees awarded to class counsel under similar circumstances in other cases of this type. The Court may award less than this amount.

### OBJECTING TO THE SETTLEMENT AND OTHER MATTERS BEFORE THE COURT

You can tell the Court that you do not agree with the settlement or some part of it.

17. **How do I tell the Court that I do not like the settlement or other related matters?**

If you have not Opted Out of the settlement, you can object to the settlement, the request for attorneys' fees and expenses, or the award to the Class Representatives if you do not like any part of it. You can give reasons why you think the Court should not approve the settlement, the request for attorneys' fees and expenses, or the award to the Class Representatives. The Court will consider your views. To object, you must send a signed letter saying that you object to the proposed settlement in *Chambers v. Merrill Lynch & Co., Inc.*, No. 1:10-cv-07109 (AJN). The objection must set forth, in clear and concise terms: (a) a statement of each objection asserted; (b) a detailed description of the facts underlying each objection; (c) any documents in your possession or control relied upon by you as a basis for the objection; (d) if you are represented by counsel, a detailed description of the legal authorities supporting each objection; (e) if you plan to utilize expert opinion and/or testimony as part of the objection(s), a written expert report from all proposed experts; (f) if you plan to call a witness or present other evidence at the hearing, you must state the identity of the witness and identify any documents by attaching them to the objection and provide any other evidence that the objector intends to present; (g) a statement of whether you intend to appear at the hearing; and (h) a copy of any exhibits which you may offer

during the hearing.  Any such objection must be mailed or delivered such that it is received by all of the following no later than _____, 2012:

*Court*:

Clerk of the Court
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

*Claims Administrator*:

Chambers v. Merrill Lynch & Co., Inc.
Claims Administator
c/o Rust Consulting, Inc.
P.O. Box 2396
Faribault, MN 55021-9096

*Class Counsel for Class Representatives*:

MCCALLUM, HOAGLUND, COOK & IRBY, LLP
Charles A. McCallum III
R. Brent Irby
905 Montgomery Highway, Suite 201
Vestavia Hills, Alabama 35216

HANLY CONROY BIERSTEIN SHERIDAN FISHER & HAYES LLP
Paul J. Hanly, Jr.
Andrea Bierstein
112 Madison Ave., 7th Floor
New York, New York 10016

*Counsel for Defendants*:

REED SMITH LLP
Mary J. Hackett
Catherine S. Ryan
Reed Smith Centre
225 Fifth Avenue, Suite 1200
Pittsburgh, PA  15222

18. **What is the difference between objecting and Opting Out of he settlement?**

Objecting is telling the Court that you do not like something about the proposed settlement.  You can object *only* if you stay in the Settlement Class.  Opting Out is telling the Court that you do not want to be part of the Settlement Class.  If you properly and timely submit an Opt Out Form, you have no basis to object because the case no longer applies to you.

### THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the proposed settlement and other related matters.

19. **When and where will the Court decide whether to approve the settlement?**

The Court will hold a hearing at _____, on _____, 2012, at the United States District Court for the Southern District of New York, 500 Pearl Street New York, New York 10007-1312.  At this hearing, the Court will consider whether the settlement is fair, reasonable and adequate.  If there are objections, the Court will consider them.  The Court will listen to people who have asked to speak at the hearing.  The Court will also decide whether to approve the payment of fees and expenses to Class Counsel, including the award to the Class Representatives.  We do not know how long the hearing will take or whether the Court will make its decision on the day of the hearing or sometime later.

20. **Do I have to come to the hearing?**

No.  Class Counsel will answer questions Judge Nathan may have.  But, you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk

about it.  As long as you mailed your written objection on time and did not Opt Out, the Court will consider it.  You may also pay your own lawyer to attend, but you are not required to do so.

       21.      **May I speak at the hearing?**

You may ask the Court for permission to speak at the hearing.  To do so, you must send a letter saying that it is your intention to appear in *Chambers v. Merrill Lynch & Co., Inc.*, No. 1:10-cv-07109 (AJN).  Be sure to include your name, address, telephone number, and your signature.  Your notice of intention to appear must be received no later than

_____, 2012 by the Clerk of the Court, Class Counsel, and Defendants' counsel, at the addresses listed in Question 17.  You cannot speak at the hearing if you exclude yourself from the Class.

**IF YOU DO NOTHING**

22.     **What happens if I do nothing at all?**

If you filed a legal action or arbitration on or before June 30, 2012 against one or more of the Defendants relating to your alleged voluntary termination for "Good Reason", or sent a Demand to one or more of the Defendants on or before June 30, 2012, you will receive the Net Settlement Sum payment listed on the enclosed Disclosure Form if the settlement is approved by the Court and becomes effective.  If you did not file a legal action or arbitration on or before June 30, 2012 against one or more of the Defendants relating to your alleged voluntary termination for "Good Reason", or did not send a Demand to one or more of the Defendants on or before June 30, 2012, and if you do nothing in response to this Notice, you will get no money from this settlement.  But, in either instance, unless you properly and timely submit an Opt Out Form, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other legal action against one or more of the Defendants about the same issues in this case.

**GETTING MORE INFORMATION**

23.     **Are there more details about the settlement?**

This Notice summarizes the proposed settlement.  More details are in the Stipulation, which has been filed with the Court.  You can get a copy of the Stipulation from the Clerk's office at the United States District Court, Southern District of New York, Clerk of the Court, 500 Pearl Street New York, New York 10007-1312, during regular business hours, or at www.chambersvmerrilllynchclaimsadministrator.com.

24.     **How do I get more information?**

You can call [xxx-xxx-xxxx] or write to a representative of Class Counsel, or visit the Claims Administrator's website at www.chambersvmerrilllynchclaimsadministrator.com.  ***Please do not call the Court or the Clerk of the Court for additional information about the settlement.***

DATED: _____, 2012          BY ORDER OF THE COURT
                                          UNITED STATES DISTRICT COURT
                                          SOUTHERN DISTRICT OF NEW YORK

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SCOTT A. CHAMBERS and JOHN C. BURNETTE, on behalf of themselves and all others similarly situated, | No. 1:10-cv-07109-AJN |
| Plaintiffs, | |
| vs. | |
| MERRILL LYNCH & CO., INC., MERRILL LYNCH, PIERCE, FENNER & SMITH, and BANK OF AMERICA CORPORATION, | |
| Defendants. | |

SETTLEMENT DISCLOSURE FORM

EXHIBIT 1-B

**Chambers v. Merrill Lynch**
**& Co., Inc. Claims**

| 2 |
|---|

c/o Rust Consulting, Inc.
P.O. Box 2396
Faribault, MN 55021-9096

| Official Use Only |
|---|

www.chambersvmerrilllynchclaimsadministrator.com

### SETTLEMENT DISCLOSURE FORM

CLAIM NO:

Correct the record name of Financial Advisor and address (if different from information on left):

_____

_____

_____

Dear Potential Class Member:

You have been identified as a member of the Class in the Settlement of the Chambers v. Merrill Lynch & Co., Inc. class action litigation. Accordingly, this Settlement Disclosure Form should be accompanied by a Notice of Proposed Settlement of Class Action ("Notice"). This action has been settled subject to the approval of the Court and you may be entitled to a Net Settlement Sum. This form lists below the Net Settlement Sum that you will receive as part of the settlement based on the Settlement Formula that is contained in the Notice.

If you want to participate in the settlement and receive the below Net Settlement Sum, then you do not need to do anything. If the Settlement is approved by the Court and becomes effective, you will receive:

*YOUR NET SETTLEMENT SUM = [SETTLEMENT SUM] less applicable payroll taxes and attorneys' fees and costs*

**The Settlement Formula that was used to calculate your Net Settlement Sum listed above is contained in response to Question 9 of the Notice.**

Please advise the Claims Administrator of any changes in your address.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SCOTT A. CHAMBERS and JOHN C. BURNETTE, on behalf of themselves and all others similarly situated, | No. 1:10-cv-07109-AJN |
| Plaintiffs, | |
| vs. | |
| MERRILL LYNCH & CO., INC., MERRILL LYNCH, PIERCE, FENNER & SMITH, and BANK OF AMERICA CORPORATION, | |
| Defendants. | |

SETTLEMENT CLAIM CERTIFICATION FORM AND RELEASE

EXHIBIT 1-C

**Chambers v. Merrill Lynch
& Co., Inc. Claims**

<table>
<tr><td>
RESPONSE DUE DATE:

*POSTMARKED
NO LATER THAN*
_____ , 2012
</td><td>
c/o Rust Consulting, Inc.
P.O. Box 2396
Faribault, MN 55021-9096
</td><td>
Official Use Only
</td></tr>
</table>

www.chambersvmerrilllynchclaimsadministrator.com

## <u>SETTLEMENT CLAIM CERTIFICATION FORM AND RELEASE</u>

CLAIM NO:

Correct the record name of Financial Advisor and
address (if different from information on left):

_____

_____

_____

Dear Potential Class Member:

You have been identified as a member of the Class in the Settlement of the Chambers v. Merrill Lynch &
Co., Inc. class action litigation. Accordingly, this Settlement Claim Certification Form and Release should be
accompanied by a Notice of Proposed Settlement of Class Action ("Notice"). This action has been settled subject to
the approval of the Court and you may be entitled to a monetary payment. This form lists below the Net Settlement
Sum that you will receive as part of the settlement based on the Settlement Formula that is contained in the Notice if
the settlement is approved by the Court and becomes effective.

If you want to participate in the settlement and receive the below amount, then all you need to do is read
and sign this form below and <u>mail</u> it to the Claims Administrator at the above address so that it is postmarked no
later than _____, 2012.

If the Settlement is approved by the Court and becomes effective, you will receive the amount listed below,
which will be sent to you at an appropriate time after all forms have been processed. Please advise the Claims
Administrator of any changes in your address.

**If you are a Class Member and you do not <u>sign</u> and <u>return</u> this Form by the deadline, you will not
receive a settlement payment, but you will still be bound by all orders of the Court in this action, including
the release reprinted in the Notice.**

A signed Settlement Claim Certification Form and Release must be mailed to the Claims Administrator at
the above address so that it is postmarked on or before _____, 2012. You may send
your form to the Claims Administrator by some method other than first class mail, but if you do so the form will be
deemed to have been submitted on the date it is actually received by the Claims Administrator.

***YOUR NET SETTLEMENT SUM = [SETTLEMENT SUM] less applicable payroll taxes and attorneys' fees and
costs***

**The Settlement Formula that was used to calculate your Net Settlement Sum listed above is contained in
response to Question 9 of the Notice.**

**Certification and Release**

<u>Definitions</u>

All capitalized terms used but not defined herein shall have the same meanings as in the Notice and the Amended Stipulation of Settlement dated as of September 6, 2012 ("the Stipulation"), which is posted on the Claims Administrator's website at www.chambersvmerrilllynchclaimsadministrator.com.  In addition, the following terms shall have the following meanings:

1.  "Defendants" mean Merrill Lynch & Co., Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, and Bank of America Corporation.

2.  "Releasees" mean Defendants and each of their partners, affiliates, parent companies, subsidiaries, divisions or other organizational units of any kind doing business in their own names, and doing business under any other names, any entity now or in the past controlled by, controlling or under the common control with any of the foregoing and doing business under any other names, and any and all of their respective affiliates and subsidiaries, and each of their respective predecessors, successors and assigns, and each of their past and present officers, directors, partners, shareholders, associates, trustees, employees, agents, attorneys (including any consultants hired by counsel), accountants, representatives, beneficial owners, investment advisors, investment bankers, insurers, independent contractors, heirs, executors, and administrators, and each of their respective predecessors, successors, and assigns.

3.  "Released Claims" mean any and all claims, defenses, demands, actions, causes of action, rights, offsets, setoffs, suits, damages, lawsuits, liens, costs, surcharges, losses, attorneys' fees, expenses or liabilities of any kind whatsoever, in law or in equity, for any relief whatsoever, including monetary, injunctive or declaratory relief, rescission, general, compensatory, special, liquidated, indirect, incidental, consequential or punitive damages, as well as any and all claims for treble damages, penalties, interest, attorneys' fees, costs or expenses, whether known or Unknown, alleged or not alleged in the Litigation, suspected or unsuspected, contingent or vested, accrued or not accrued, liquidated or unliquidated, matured or unmatured, that in any way concern, relate to, or arise out of the Change in Control and/or the Plans, and which any Class Member has, had, or now have, from the beginning of time up through and including the Effective Date, against the Releasees ("Claims"), including but not limited to, any and all Claims arising out of or relating to: (1) allegations that were or could have been asserted in the Complaint or the Litigation in any way relating to any Class Member's employment or voluntary termination with Defendants in connection with the Change in Control and/or the Plans; (2) the Complaint or the facts and circumstances giving rise thereto; (3) any activities the Releasees took with respect to any Class Member's employment or voluntary termination with Defendants in connection with the Change in Control and/or the Plans; (4) all "Good Reason" claims under the Plans whether asserted in court, before the Financial Industry Regulatory Authority ("FINRA"), the American Arbitration Association ("AAA"), JAMS or in any other judicial or arbitration forum; (5) any conduct undertaken by any of the Releasees to defend the Litigation and/or any action, lawsuit, arbitration, or proceeding involving a Released Claim, including but not limited to, any alleged improper discovery conduct and/or any request for sanctions in any action, lawsuit, arbitration, and/or proceeding involving a claim for "Good Reason" under the Plans; and/or (6) any alleged representations, misrepresentations, disclosures, incorrect disclosures, failures to disclose, acts (legal or illegal), omissions, failures to act, deceptions, acts of unconscionability, unfair business practices, breaches of contract, usury, unfulfilled promises, breaches of warranty or fiduciary duty, conspiracy, excessive fees collected, or violations of any consumer protection statute, any state unfair trade practice statute, or any other body of case, statutory or common law or regulation, federal or state, including but not limited to breach of contract under the Plans, fraud, violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.*, breach of fiduciary duty and/or breach of duty of good faith and fair dealing under the Plans, negligence, conversion, unpaid wages, unjust enrichment, or violation of any of the rules of FINRA.  Released Claims also include, without limitation, any allegation that any Defendant or Releasee has conspired with, aided and abetted, or otherwise acted in concert with any other Defendant, Releasee, or third parties, with regard to any of the facts, acts, events, transactions, occurrences, courses of conduct,

- 2 -

business practices, representations, omissions, circumstances or other matters related to the Litigation and/or any action, lawsuit, arbitration, or proceeding involving a Released Claim or to discovery in the Litigation and/or any action, lawsuit, arbitration, or proceeding involving a Released Claim.  It is the intention of the Class Representatives and each of the Releasors (as defined below) to provide a general release of all Released Claims against the Releasees, in accordance with Paragraph 9 of the Agreement. Released Claims do not include claims, rights or causes of action or liabilities whatsoever:  (i) to enforce the Settlement; and (ii) for breach or violation of any of the terms of this Agreement or orders or judgments issued by the Court in connection with the Settlement or confidentiality obligations with respect to settlement communications.

4,      "Unknown Claims" mean any Released Claims which any Class Representative or any Settlement Class Member does not know or suspect to exist in his or her favor at the time of the entry of the Judgment, and which, if known by him or her might have affected his or her settlement with and release of the Releasees, or might have affected his or her decision to opt out of the Settlement Class or to object to this Settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Class Representatives shall expressly and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have to the fullest extent allowed by law, waived the provisions, rights and benefits of any statute or principle of common law similar to California Civil Code § 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor**.

The Class Representatives and each Settlement Class Member may hereafter discover facts in addition to or different from those which he or she now knows or believes to be true with respect to the subject matter of the Released Claims, but Class Representatives and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released to the fullest extent allowed by law any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which then exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, contract, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  The Class Representatives acknowledge, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a material term of the settlement of which this release is a part.

<u>Submission to Jurisdiction of Court and Acknowledgements and Affirmations</u>

I submit this Settlement Claim Certification Form and Release under the terms of the Amended Stipulation of Settlement described in the Notice.  I also submit to the jurisdiction of the United States District Court for the Southern District of New York with respect to my claim as a Participating Claimant and for purposes of enforcing the release set forth herein.  I further acknowledge that I am bound and subject to the terms of any judgment that may be entered in the Litigation.  I affirm that I voluntarily terminated my employment with Merrill Lynch, Pierce, Fenner & Smith Incorporated for "Good Reason," as that term is defined in the Merrill Lynch Financial Advisor Capital Accumulation Award Plan ("FACAAP") and/or the Merrill Lynch Growth Award Plan for Financial Advisors ("Growth Award"); and/or the Merrill Lynch Wealthbuilder Account Plan ("Wealthbuilder") (collectively, the "Plans"), following the September 15, 2008 merger agreement between Bank of America Corporation and Merrill Lynch & Co., Inc., which merger was consummated on January 1, 2009 (the "Change in Control").  By submitting this Settlement Claim Certification Form, I state that I believe in good faith that I am a Class Member as defined in the Notice; that I have not previously entered into a settlement agreement with one or more of the Defendants and/or the Releasees in which I released any Released Claims against the Releasees, or am otherwise excluded from the Class; that I have read and understand the Notice; that I believe that I am entitled to receive the Net Settlement Sum listed above; that I elect to participate in the proposed settlement described in the Notice; that I have not filed a request for exclusion; and that I will not submit any other claim covering my voluntary termination

for "Good Reason" following a "Change in Control" under the Plans.  I agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.  I understand that no discovery shall be allowed on the merits of the Litigation or settlement in connection with processing of the Settlement Claim Certification Form and Releases and in particular that no discovery shall be permitted against any Defendants in connection with any Settlement Claim Certification Form and Releases.

Release

I hereby acknowledge, on behalf of myself and my heirs, executors, administrators, predecessors, successors, and assigns, full and complete satisfaction of, and do hereby fully, finally and forever settle, release and discharge from the Released Claims each and all of the Releasees.

This release shall be of no force or effect unless and until the Court approves the Stipulation, and the Stipulation becomes effective on the Effective Date (as defined in the Stipulation).

I hereby warrant and represent that I have not assigned or transferred or purported to assign, transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

I certify that I am not subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.

Note:  If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

_____       _____
Signature                                              Date

_____       _____
Print name                                           Email Address

_____       _____
Telephone Number (Day)                      Telephone Number (Evening)

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SCOTT A. CHAMBERS and JOHN C. BURNETTE, on behalf of themselves and all others similarly situated,<br><br>         Plaintiffs,<br><br>  vs.<br><br>MERRILL LYNCH & CO., INC., MERRILL LYNCH, PIERCE, FENNER & SMITH, and BANK OF AMERICA CORPORATION,<br><br>         Defendants. | No. 1:10-cv-07109-AJN |

ELECTION TO OPT OUT OF SETTLEMENT AND CLASS ACTION

EXHIBIT 1-D

**Election to Opt Out of Settlement and Class Action**

Pursuant to Paragraph 13 of the Notice of Proposed Settlement of Class Action (the "Notice"), I understand that I have the option to elect to "opt out" of the Settlement Class and hereby do exclude myself from this action and the associated settlement and judgment.  **I understand that by electing to opt out, I will be precluded from participating in any settlement or receiving payment or other benefit pursuant to the settlement of or judgment in this action.**  I understand that by exercising this option, I will remain free to prosecute my own otherwise valid claims, if any, against Defendants for any Released Claims (as defined in the Notice), subject to the statute of limitations and other applicable restrictions and defenses.  I further understand that if I elect to opt out and prosecute my claims on my own, and if I desire representation by an attorney, I will need to hire or otherwise retain an attorney for that purpose.

With full understanding of the foregoing, I elect to opt out of the lawsuit and the associated settlement and thereby disqualify myself from any payment under the settlement.  I hereby certify that it is my personal signature below and acknowledge that this form is not valid unless personally signed by me.

**Name of Class Member: (Please Print):**

_____

First                              Middle                              Last

**Address:**

_____

Street                              City                              State      Zip Code

**Personal Signature:**                                          **Date:**

_____          _____

*PLEASE FULLY COMPLETE, SIGN, DATE AND RETURN THIS FORM VIA UNITED STATES*
*MAIL TO:*

*Claims Administrator*:
Chambers v. Merrill Lynch & Co., Inc.
Claims Administator
c/o Rust Consulting, Inc.
P.O. Box 2396
Faribault, MN 55021-9096

**THIS FORM MUST BE RECEIVED BY _____ TO BE VALID**