USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: APR 2 6 2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SCOTT A. CHAMBERS, JOHN C. BURNETTE, and ERIC SCHWILK on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> MERRILL LYNCH & CO., INC., MERRILL LYNCH, PIERCE, FENNER & SMITH, and BANK OF AMERICA CORPORATION, <br><br> Defendants. | No. 1:10-cv-07109-AJN |

 [Proposed] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court for hearing pursuant to the Order of this Court dated December 13, 2012, on the application of the parties for approval of the settlement set forth in the Stipulation of Settlement dated as of August 15, 2012 and the Amended Stipulation of Settlement dated as of September 6, 2012, both of which have been replaced and superseded in their entirety by the Second Amended Stipulation of Settlement dated November 26, 2012. Due and adequate notice having been given to the Class as required in the Court's Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

    1.    This Judgment incorporates by reference the definitions in the Second Amended Stipulation, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Second Amended Stipulation.

2.      This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

3.      By entering this Order, the Court does not make any determination as to the merits of this case.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this Litigation as a class action for settlement purposes only defined as those individuals who were employed by Merrill Lynch in the position of Financial Advisor, in the United States who:  (a) held the position of Financial Advisor at Merrill Lynch on September 15, 2008; (b) participated in the Merrill Lynch Financial Advisor Capital Accumulation Award Plan ("FACAAP"); and/or the Merrill Lynch Growth Award Plan for Financial Advisors ("Growth Award"); and/or the Merrill Lynch Wealthbuilder Account Plan ("Wealthbuilder") (collectively, the "Plans"); (c) voluntarily terminated employment (excluding retirement) at Merrill Lynch during the Class Period while holding the position of Financial Advisor at the time employment was terminated and had unvested awards in one or more of the Plans at the time of their terminations; (d) had 2008 Production Credits of $500,000 or less; (e) did not, sign and/or accept the original or amended Merrill Lynch Advisor Transition Program;  (f) did not before the Notice Mailing Date, enter into a settlement agreement with one or more of the Defendants and/or the Releasees in which they released any claim relating to the alleged voluntary termination of their employment with Merrill Lynch for "Good Reason" under one or more of the Plans following the Change in Control; and (g) did not adjudicate any claim relating to the alleged voluntary termination of their employment with Merrill Lynch for "Good Reason" under one or more of the Plans following the Change in Control.

5. The Court confirms the prior appointments of the Plaintiffs Scott A. Chambers, John C. Burnette, and Eric Schwilk as Class Representatives, and the law firms of McCallum, Hoaglund, Cook & Irby, LLP and Hanly Conroy Bierstein Sheridan Fisher & Hayes LLP as Class Counsel.

6. With respect to the Class, this Court finds and concludes that for settlement purposes only: (a) the Members of the Class are so numerous that joinder of all Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual question; (c) the claims of the Class Representatives are typical of the claims of the Class; (d) the Class Representatives and their counsel have fairly and adequately represented and protected the interests of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Class in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Class, (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the class action.

7. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the settlement set forth in the Second Amended Stipulation and finds that the settlement is, in all respects, fair, reasonable and adequate to the Settling Parties. The Court further finds that the settlement set forth in the Second Amended Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Settling Parties. Accordingly, the settlement embodied in the Second Amended Stipulation is hereby finally

approved in all respects, there is no just reason for delay and the Settling Parties are hereby directed to perform its terms.

8. The Litigation is hereby dismissed in its entirety with prejudice and without costs. Nothing herein is intended to waive or prejudice the rights of Class Members who have timely opted out of the Class, or whose untimely opt-out has been accepted and approved as set forth in ¶ 15 below, as identified on Exhibit 1 hereto.

9. The releases as set forth in Paragraph 9 of the Second Amended Stipulation together with the definitions in Paragraphs 1.1-1.59 relating thereto are expressly incorporated herein in all respects.

10. The Class Representatives and all Settlement Class Members, and anyone claiming through or on behalf of any of them (collectively, "Class Releasors"), are forever barred and enjoined from commencing, instituting or continuing to prosecute any action or any proceeding in any court of law or equity, arbitration tribunal, either directly, representatively or in any other capacity, including but not limited to the Financial Industry Regulatory Authority ("FINRA"), the American Arbitration Association ("AAA") and JAMS, administrative forum, or other forum of any kind (whether within the United States or not) asserting any of the Released Claims (including Unknown Claims) against any of the Releasees.

11. The Court hereby approves the release provisions as contained in Paragraph 9 of the Second Amended Stipulation, including but not limited to the definitions of Released Claims, Releasors, Releasees and Unknown Claims. The Releasors shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged all Released Claims (including Unknown Claims) against the Releasees,

whether or not such Settlement Class Member executed and delivered a Qualifying Settlement Claim Certification Form and Release.

12. Each check issued to a Participating Claimant shall contain an endorsement as follows: "By accepting this check, I confirm my acceptance of the release stated in the Class Notice.", or similar language, and the acceptance of the settlement check by a Participating Claimant shall constitute an acceptance of the release as stated in the Class Notice and Paragraph 9 of the Second Amended Stipulation.

13. The distribution of the Notice of Proposed Settlement of Class Action as provided for in the Order Preliminarily Approving Settlement and Providing for Notice constituted the best notice practicable under the circumstances, including individual notice to all members of the Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Second Amended Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, due process and any other applicable law.

14. All objections to the Settlement are hereby overruled.

15. The Court hereby approves the acceptance of all late claim and opt out requests received from Class Members as of April 25, 2013. The Court further approves the addition to the Class of the five individuals who identified themselves as Class Members and who were determined to be eligible for the Class.

16. Any order entered regarding the attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

17. Neither this Order, the fact that a settlement was reached and filed, the Second Amended Stipulation nor any related negotiations, statements or proceedings shall be construed as, offered as, admitted as, received as, used as, or deemed to be an admission or concession of liability or wrongdoing whatsoever or breach of any duty on the part of Defendants. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Litigation. In no event shall this Order, the Second Amended Stipulation, or any of its provisions or any negotiations, statements, or proceedings relating to it in any way be used, offered, admitted, or referred to in the Litigation, in any other action, or in any judicial, administrative, regulatory, arbitration (including but not limited to proceedings before FINRA, AAA or JAMS), or other proceeding, by any person or entity, except in a proceeding to enforce the Second Amended Stipulation. Notwithstanding the foregoing, Defendants may use, offer, admit or refer to the Second Amended Stipulation and to the settlement reached therein where necessary to defend themselves in any other action, or in any judicial, administrative, regulatory, arbitration or other proceeding.

18. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement; (b) the payment of the Net Settlement Sums; (c) hearing and determining applications for attorneys' fees and expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing and administering the Second Amended Stipulation.

19. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

20. In the event that the Settlement does not become effective in accordance with the terms of the Second Amended Stipulation, or the Second Amended Stipulation is terminated pursuant to Paragraph 13 of the Second Amended Stipulation, the Settling Parties shall be restored to their respective positions in the Litigation prior to the execution of the Second Amended Stipulation, and this Judgment shall be rendered null and void (except Paragraph 15 of this Order shall remain in effect) to the extent provided by and in accordance with the Second Amended Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Second Amended Stipulation.

21. Without further order of this Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Second Amended Stipulation.

22. The Defendants have provided notification to all appropriate federal and state officials regarding the Settlement as required by 28 U.S.C. § 1715.

23. No later than thirty (30) days after the Effective Date, Defendants and/or their agent shall file with the Court under seal a list of the names and addresses of all Members of the Class to whom the Class Notice was sent, including the five individuals who identified themselves as Class Members and who were determined to be eligible for the Class.

24. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is hereby directed.

IT IS SO ORDERED.

The Clerk of Court is directed to close this case. Any pending motions are moot.

DATED: 4/26/13

THE HONORABLE ALISON J. NATHAN
UNITED STATES DISTRICT JUDGE